UTUUTUVANU S. FAATEA, Appellant

v.

MATAITULI S. TAUA, Appellee

High Court of American Samoa
Appellate Division

AP No. 18-88

September 8, 1989

Before KRUSE, Chief Justice, CANBY,[*] Acting Associate Justice, THOMPSON,[**] Acting Associate Justice, and VAIVAO, Associate Judge.

Counsel: For Appellant, Tautai A.F. Fa'alevao
For Appellee, Gata E. Gurr

Per Kruse, C.J.:

Utuutuvanu attempted to register title to a certain tract of land located in the village of Amanave. Mataituli objected on his family's behalf and the matter was referred to the Land and Titles Division. The record below reflects that both parties gave their respective, and contradictory, versions of family history and tradition. This essentially amounted to each party claiming that the other was his lesser matai and dependent on him for land rights. The trial court, while noting both versions of family history and tradition to be "in and of themselves, equally credible and coherent," *Mataituli v. Utuutuvanu*, 7 A.S.R.2d 134, 135 (1988), found that all or almost all members of the Mataituli family were also connected to the Utuutuvanu title and vice versa; that

---

[*] Honorable William C. Canby, Jr., Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

[**] Honorable David R. Thompson, Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

the matai title "Mataituli" was recognized in the village as a title in its own right; and, that the land offered for registration by Utuutuvanu was in fact occupied by the Mataituli titleholder together with those family members who rendered tautua (traditional service) to Mataituli rather than to Utuutuvanu. The Court upheld Mataituli's objection to Utuutuvanu's claims to ownership and hence denied the latter's application to register title to the land.

Appellant's first ground on appeal is that the ruling below implicitly suggested that the Utuutuvanu title is a lesser matai title of the Mataituli family. Appellant takes the position that such a conclusion is inconsistent with history and tradition and therefore erroneous.

Appellant is mistaken about the extent of the holding below. The trial court concluded --- regardless of who might be the greater or lesser matai --- that Utuutuvanu had simply not established his claim to the land.

Secondly, appellant takes exception to the trial court's reference to the disputed land as "Faaea." Appellant makes the point that it was Utuutuvanu who referred to the land as "Faaea" while Mataituli referred to it as "Niumalama." We see nothing in this argument that would advance the merits of appellant's case one way or the other. Appellee prevailed on the basis of competent evidence quite unrelated to the question of whether the land is more correctly labeled "Niumalama" rather than "Faaea."

Finally, appellant urges that his version of the facts is "more believable." It is not within the province of the appellate court to re-weigh the evidence and interfere with a decision based on the lower court's choice of one version of the facts over another. Findings of fact may not be set aside by the Appellate Division unless clearly erroneous. A.S.C.A. § 43.0801(b). Additionally, the credibility of witnesses is uniquely the prerogative of the trial court. *National Pacific Insurance v. Oto*, 3 A.S.R.2d 94 (1986).

We affirm.